## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1869.

*Hartwell and Widemann, J. J.*

PETER H. TREADWAY, TRUSTEE, *vs.* STEPHEN H. PHILLIPS, ADMINISTRATOR.

If an EXECUTOR die before completing his trust, he may have for his services not the full COMPENSATION provided for in the WILL, but a *quantum meruit.*

#### SUBMISSION OF A CAUSE WITHOUT ACTION.

"Peter H. Treadway, as he is guardian of the minor child of the late Thomas King, and also trustee of the estate of said deceased, claims that fifteen hundred dollars, being a proportionate part of the amount taken by Frank Molteno, under the supposed provisions of the will of said deceased, and the codicil thereto, should be refunded to said estate, the said Molteno not having lived long enough to discharge all the duties imposed upon him by said will and codicil. It is agreed that said Molteno died on February 28th, A. D. 1869, and that the will and codicil of said Thomas King, and all the papers relative to the probate of his estate, may be referred to by the Court, and that the case may be decided by the Court, without argument."

P. H. TREADWAY,
*Guardian and Trustee.*

STEPHEN H. PHILLIPS,
*Administrator of Estate of F. Molteno.*

#### COPY OF CODICIL TO WILL OF THOMAS KING.

"And I further add that if Frank Molteno will, himself,

Peter H. Treadway, Trustee, *v.* Stephen H. Phillips, Administrator.

use the money for the benefit of my wife Maria, and my daughter Sarah King, then they shall have the interest only until my daughter shall become of age, and the said Frank Molteno shall have ten per cent. of the amount for his trouble in so doing.

"And I further desire my friend Frank Molteno to carry out all the plans that I have made for the future, and which are well known to him, having full faith in his judgment and discretion.

"Witness my hand, this second day of March, A. D. 1863.

THOMAS KING.

"Executed in our presence, and witnessed by us, at the request of Thomas King.

"J. W. AUSTIN,

"WM. HILLEBRAND."

HARTWELL, J.: By reading over the record referred to in the above statement, the facts appear, which the statement should have set forth, that King died April 1, 1863, and by his will, duly admitted to probate, appointed Molteno executor of his estate, and guardian of his infant daughter. The age of the daughter appears in no part of the records. It is to be inferred, that Molteno, having accepted this trust, as the record shows, held it until his death, a period of nearly six years. By the terms of the codicil, the widow and daughter are to have the interest on the property until the daughter is of age, and Molteno, if he himself use the money bequeathed, is to have ten per cent. thereof for his trouble.

If, by his own fault, the executor failed to fulfill his trust, no compensation for his services could be allowed, but when the completion of his trust becomes impossible by the act of God, he is entitled to a *quantum meruit* for services rendered.

The defendant informs the Court that he asks no decision upon the amount to be allowed, unless the said sum of

$1,500, assumed to be the entire percentage named in the codicil, be allowed.

The entire percentage can not be allowed, and the said sum of $1,500 is to be refunded to the King estate.

Let judgment be entered up accordingly.

Honolulu, November 17th, 1869.